COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

RICKY CLERE, §

　　　　Appellant, §

v. §

THE STATE OF TEXAS, §

　　　　Appellee. §

§

No. 08-10-00141-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20090D05623)

## MEMORANDUM OPINION

Appellant, Ricky Clere, attempts to appeal his conviction for burglary of a building. Finding Appellant failed to timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

Appellant was indicted for burglary of a building. On February 4, 2010, he pleaded guilty to the offense and the trial court, following Appellant's plea agreement with the State, assessed sentence at one year incarceration in state jail. Subsequently, on April 15, 2010, Appellant wrote a letter to the district clerk declaring his innocence and asking that his case be reopened. Then on May 4, 2010, he wrote the trial judge, requesting permission to appeal his case. The letter filed May 4, 2010, was treated as Appellant's notice of appeal.

## ANALYSIS

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Moreover, that notice of appeal must comply with the

1

requirements of Rule 26 to vest our Court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, we do not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id*.

In a criminal case, the notice of appeal must be filed within: (1) 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) 90 days after the day sentence is imposed in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). A motion for new trial must be filed within 30 days from the date the trial court imposed sentence in open court. TEX. R. APP. P. 21.4(a).

Here, Appellant was sentenced in court on February 4, 2010. The clerk's record does not reflect that he ever filed a motion for new trial. Thus, Appellant was required to file his notice of appeal by March 6, 2010, or given Rule 26.3's fifteen-day extension, by March 21, 2010. *See* TEX. R. APP. P. 26.2(a); TEX. R. APP. P. 26.3. He did not. Rather, he waited until May 4, 2010. That was simply too late. Accordingly, Appellant's notice of appeal is untimely and we lack jurisdiction to entertain it.[1] *Slaton*, 981 S.W.2d at 210.

On May 5, 2010, we notified the parties that the notice of appeal was not timely perfected and requested that they show grounds for continuing the appeal. Neither party has filed a written response. Therefore, based on our discussion above, we dismiss the appeal for want of jurisdiction.

GUADALUPE RIVERA, Justice

July 7, 2010

---

[1] Although we may interpret Appellant's letter filed on April 15, 2010, as a motion for new trial, it too was untimely filed, and thus did not extend the time for Appellant to file his notice of appeal. *See* TEX. R. APP. P. 21.4(a); TEX. R. APP. P. 26.2(a)(2).

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)